UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-cr-20272-JAL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAVARIUS SMITH,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Defendant Tavarius Smith's Request for Return of Illegally Seized Money in the Amount of $2,064.47 ("Motion") (ECF No. 129). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. (ECF No. 135). Having reviewed the Motion, the Government's Response (ECF No. 131), and being otherwise dully advised on the matter, the undersigned recommends that Defendant's Motion be **DENIED**.

    **I.   BACKGROUND**

Defendant was indicted for Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. § 317 (Count 1); Bank Robbery in violation of 18 U.S.C. § 2133(a) and (d) (Count 2); and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). (ECF No. 13). Pursuant to a Plea Agreement, the Defendant plead guilty to Counts 2 and 3 of the Indictment. (ECF Nos. 74; 76). Defendant was sentenced to

imprisonment for a term of 132 months and ordered to pay restitution in the sum of $75,211.00. *See* (ECF No. 92).

At Defendant's sentencing proceedings, the Court stated, "Of course, there is supervised release of five years, no fine, the special assessment of $100 and restitution in the amount of $75,211 to be jointly paid during the period of supervised release."  (ECF No. 107 at 28).

The Court entered a Criminal Judgment, which required immediate payment of a $200.00 assessment and payment of restitution in the sum of $75,211.00.  *See generally* (ECF No. 92).  The Judgment also stated that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." (*Id.* at 5).

Defendant filed the instant Motion seeking the return of all amounts paid toward the criminal monetary penalties since the imposition of Defendant's sentence in 2013.  (ECF No. 129).

## II.  ANALYSIS

Defendant argues that because the Court indicated at Defendant's sentencing proceedings that he is to pay restitution during supervised release, the Government should not have collected payment during Defendant's imprisonment.  The Government argues the following: (1) the Treasury Offset Program ("TOP") authorizes the collection of Defendant's restitution through administrative offset, and Defendant has failed to seek administrative relief; (2) the Court lacks jurisdiction over Defendant's challenges to payments made through the Inmate Financial Responsibility Program ("IFRP"); (3) the Court's *ore tenus* ruling during Defendant's sentencing proceedings does not preclude the collection of restitution by other means; and (4) Defendant is not entitled to a refund of amounts paid through the TOP or IFRP.

The Government proffers that the clerk received a single payment of $1,796.80 through the TOP.  The Government also avers that the Bureau of Prisons paid the Clerk $267.67, presumably

through the IFRP.[1] (ECF No. 131). Defendant's Motion is accompanied by a schedule of payments made and an excerpt of the transcript of Defendant's Sentencing Proceedings. *See generally* (ECF No. 129). Defendant did not file a Reply. As explained below, Defendant's Motion is premature, and this Court lacks jurisdiction.

### a. Treasury Offset Program

The practice of withholding federal payment in satisfaction of a debt through a program such as the TOP is known as an administrative offset. *Reeves v. Astrue*, 526 F.3d 732, 738 n. 3 (11th Cir. 2008). The Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701 *et seq.*, authorizes the Treasury Department "to collect non-tax debts by withholding funds paid out by other federal agencies." *Id.*; *see* 31 U.S.C. § 3716(a); 31 C.F.R. § 285.5. Under the TOP, any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset. *See* 31 U.S.C. §§ 3716(a), (c)(6).

Persons dissatisfied with the application of a Treasury offset may pursue "administrative procedure[s] established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought." *Cleveland v. United States*, No. 3:13-CV-281, 2020 WL 3976940, at *3 (M.D. Pa. July 14, 2020) (quoting *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012)) (internal quotation marks and citations omitted). The statute and regulations underlying the TOP provide ample due process protections to a prisoner prior to an administrative offset and allow for a prisoner to seek administrative agency review of any offset decisions. *United States v. Mayer*, No. 04-CR-100-1-SM, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010). If a prisoner exhausts all administrative remedies and remains displeased

---

[1] The Government's Response indicates this amount is $270.67. The actual amount is $267.67. (ECF No. 129 at 4). This error is corrected.

with a Treasury offset decision, that prisoner may, file an action in federal court challenging the offset decision. *See generally Omegbu v. U.S. Dep't of Treasury*, 118 F. App'x 989, 990 (7th Cir. 2004).

Here, Defendant has not exhausted all administrative remedies as to the $1,796.80 paid through the TOP. The Notice of Intent to Offset indicated that "[a]ll correspondence on this debt should be sent to the representative of the United States at the address to the left above." (ECF No. 136-1). The Notice directed Defendant to contact the U.S. Department of Justice and provided a phone number for inquiries regarding debt. (*Id.*). Defendant provides no evidence indicating that he has taken steps to contact the U.S. Department of Justice regarding this administrative offset, thus, he has failed to exhaust all administrative remedies. Accordingly, Defendant's Motion before the Court seeking relief is premature.

### b. Inmate Financial Responsibility Program

A prisoner challenging his prior restitution payments through the IFRP must raise such a challenge in a habeas petition pursuant to 28 U.S.C. § 2441. By challenging IFRP payments, Defendant does not challenge a payment schedule made by the court, but rather, opposes his payment amount under the IFRP, which is a program administered by the Bureau of Prisons, ("BOP"). A challenge to BOP administrative programs must be filed in a habeas petition. *U.S. v. Diggs*, 2009 WL 2432746 at 319 (5th Cir. 2009); *see also United States v. Springs*, 835 F. App'x 986, 990 n. 2 (11th Cir. 2020); *see Young v. Augustine*, No. 5:11CV396/MMP/EMT, 2012 WL 6955480, at *4 (N.D. Fla. Dec. 12, 2012), *report and recommendation adopted*, No. 5:11-CV-00396-MP-EMT, 2013 WL 336733 (N.D. Fla. Jan. 29, 2013) (holding that challenging the manner in which the BOP executes a judgment through the IFRP is proper under § 2241).

The Court also notes that the prisoner must file the § 2241 petition in the judicial district where he is incarcerated, not in the judicial district where his convictions and sentences were

entered. *Diaz v. United States*, No. 12-16498, 580 Fed. App'x. 716, 2014 WL 4377576, at *1 (11th Cir. Sept. 5, 2014).

Here, Defendant attempts to recover $267.67 collected through the IFRP. However, Defendant has not filed a § 2241 habeas petition nor has he requested relief in the correct judicial district. Defendant is currently incarcerated at United States Penitentiary, Atwater in Atwater, California, which is located in the Eastern District of California. Accordingly, this Court is without jurisdiction to grant Defendant's relief sought.

### III. RECOMMENDATION

For the forgoing reasons it is **RECOMMENDED** that Defendant's Motion be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. Failure to file objections by that date shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 at 901 (11th Cir. Feb. 2, 2017).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 31st day of July, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE